UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                      :
In re:                              :         Chapter 7
                                        :         Case No. 24-10619 (LGB)
                                        :
STELLA SIOMKOS,                :
                                        :
                         Debtor.     :
------------------------------------------------------------------- X

**MEMORANDUM OPINION ON MOTION TO RECUSE**

**HON. LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Debtor Stella Siomkos (the "Debtor") submitted an email with an attachment to Chambers on November 18, 2024. The email was not filed on the docket. I requested that my Courtroom Deputy docket the email and the attachment. Letter, ECF No. 94.

The Court is treating the email as a motion requesting that I recuse myself from the case on the grounds of bias (the "Motion to Recuse"). The issue of my bias also was raised in motion for a stay pending appeal (the "Motion for a Stay Pending Appeal"), ECF No. 81, which motion the Court denied. Order Den. Debtor's Mot. for Stay, ECF No. 89. The Court will refer to both documents with respect to the alleged bias.

In the Motion to Recuse, the Debtor states:

> I am also concerned about returning to Judge Beckerman's chambers. In prior proceedings, I have experienced undue hostility and negative attitudes that I believe were not rooted in the facts of the case. For example, Judge Beckerman has expressed urgency in facilitating the forced sale of my home without allowing me proper time to organize my defense. Her comments regarding changing locks and her description of creditors-many of whom are not valid creditors-felt unnecessarily harsh and intimidating. This approach made it difficult for me to present my case without bias. I have respectfully requested reassignment to another judge, as I believe fair consideration of my case would be better served elsewhere.

1

In the Motion for Stay Pending Appeal, the Debtor states:

> Throughout these proceedings, I have felt the effects of judicial bias against me.  Judge Beckerman's repeated sarcastic comments, such as "you can miraculously come up with the money to buy the property back at the sale point" demonstrate a lack of respect for my financial situation.  Her comments trivialize the significant challenges I have faced and show clear favoritism towards the plaintiff's counsel, Mr. Rosen.  Furthermore, Judge Beckerman's familiarity and favoritism towards Mr. Rosen raise significant concerns about impartiality in the case.  Her conduct has undermined my confidence in receiving a fair and just ruling.  The bias has been evident throughout the proceedings, as the judge seems more focused on facilitating a quick liquidation of my home than on delivering a fair resolution.

The Court held three hearings on Trinity Life Insurance Company's ("Trinity") motion to convert or dismiss the Debtor's Chapter 11 case (the "Motion to Convert or Dismiss") [ECF No. 20].  The first hearing was held on August 7, 2024.  A copy of the transcript for the hearing is attached as Exhibit A to the Opposition of Trinity to the Motion for a Stay Pending Appeal.  ECF No. 86.

I did not grant the Motion to Convert or Dismiss at the August 7, 2024 hearing even though the movant presented evidence that cause for granting the motion existed under section 1112(b) of the Bankruptcy Code.  The Debtor had filed a plan after the Motion to Convert or Dismiss was filed.  *See* Debtor's Plan, ECF No. 25.  In the plan, the Debtor proposed to sell her apartment after making restoration to the apartment which she claimed was damaged from a flood and that she had made an insurance claim with respect to the damage.  It appeared that the dispute among the parties was the need for restoration of the apartment before it could be sold, not a dispute as to selling the apartment.  I suggested that, as an alternative to appointing a trustee, the Debtor retain a third-party broker who was selected off of a list of three names acceptable to Trinity, that such broker be given access to the Debtor's apartment and be provided with evidence of the insurance

2

claim, and that the broker report back to the Court on the condition of the Debtor's apartment and whether repairs were necessary before it could be sold.  The parties agreed to that verbally and I adjourned the hearing on the Motion to Convert or Dismiss to September 26, 2024.

Prior to the September 26, 2024 hearing, the Debtor did not take steps to retain the independent broker, provide them with access to the apartment and provide information on the insurance claim to the broker and Trinity.  The Debtor's counsel, Mr. Hollender, filed a supplemental declaration in which he indicated that the Debtor would like to pursue a reverse mortgage and then only if that failed, sell the apartment.  Suppl. Decl. Opp'n, ECF No. 49.  Trinity filed a reply pleading which stated that this path was not acceptable to Trinity.  Suppl. Reply to Suppl. Decl. Opp'n, ECF No. 52.

At the hearing on September 26, 2024, I explained that either the parties could pursue the path that the parties had agreed to at the last hearing or I could rule on the Motion to Convert or Dismiss.  Opp'n to Debtor's Mot. Stay, ECF No. 86, Ex. B, *September 26 Transcript*.  I took a break in the hearing to allow Mr. Hollender to speak with the Debtor.  Mr. Hollender came back and represented that the Debtor had agreed again to do what she had agreed to at the hearing on August 7, 2024.  After the hearing, the Court entered an order memorializing the terms of the agreement of the parties and the dates by which those actions must be taken.  Initial Order Respect Mot. Convert, ECF No. 57.  The Court further adjourned the Motion to Convert or Dismiss.

On October 23, 2024, the Court held a hearing on two motions, a motion by Mr. Hollender to withdraw as counsel to the Debtor to which the Debtor consented at the hearing and the Motion to Convert or Dismiss.  *See* Opp'n to Debtor's Mot. Stay, ECF No. 86, Ex. C, *October 23 Transcript*.  I granted the motion for Mr. Hollender to withdraw as counsel to the Debtor.

Because the Debtor was representing herself *pro se* with respect to the Motion to Convert or Dismiss, I explained to her what would happen if I converted the case to a Chapter 7. I told her that Chapter 7 is a liquidation proceeding and that the Chapter 7 trustee is tasked with taking control of the assets in the estate and liquidating them to pay creditors. I explained to her that the Chapter 7 trustee is appointed by the Office of the United States Trustee and is a neutral party. I explained to her that the Chapter 7 trustee will examine all claims, including Trinity's claim, and if the Chapter 7 trustee thinks that a claim is not valid, the Chapter 7 trustee will object to such claim. I told her that the process would take months and not years with regard to the sale of her apartment by the Chapter 7 trustee and that it could get very ugly if she did not cooperate with the Chapter 7 trustee. At that hearing, the Debtor asserted that she made a motion to have another judge appointed to her case. However, no such motion appears on the docket which is why I did not rule on the alleged motion.

I have no personal animus towards the Debtor or bias against the Debtor. While the Debtor has had a difficult past few years, including ill health, I ordered the Debtor's Chapter 11 case to be converted to a Chapter 7 case for cause under section 1112(b) of the Bankruptcy Code because the Debtor's monthly operating reports filed prior to the October 23 hearing reflected that the Debtor had no income and that her husband was providing financial support, the Debtor failed to pay any real estate taxes, condominium fees and/or interest post-petition, and the Debtor failed to comply with the order of the Court. Initial Order, ECF No. 57.

With respect to the Debtor's accusation about favoritism of Mr. Rosen, I met Mr. Rosen approximately three decades ago when I was an attorney on a case where he was opposing counsel. I did not have contact with Mr. Rosen again until I became a United States Bankruptcy Judge. While others from his firm have appeared in front of me in cases, Mr. Rosen has only appeared in

front of me in one other case that I can recall, prior to this case.  I do not have any personal

relationship with Mr. Rosen.  In this case, I have not shown Mr. Rosen favoritism.  I deferred ruling

on Mr. Rosen's Motion to Convert or Dismiss twice to give the Debtor the benefit of the doubt

with respect to the condition of her apartment and the opportunity for a third party to verify the

truth of the condition of her apartment to the Court and the need for repairs to occur prior to a sale

process.  When that did not occur, I ruled on the Motion to Convert or Dismiss for the reasons set

forth above.

       For the foregoing reasons, the Debtor's Motion to Recuse is **denied**.


DATED:    New York, New York
           November 26, 2024


                          */s/ Lisa G. Beckerman*
                          HONORABLE LISA G. BECKERMAN
                          UNITED STATES BANKRUPTCY JUDGE