**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
In re:                                             :          Chapter 7
                                                   :          Case No. 24-10619 (LGB)
STELLA SIOMKOS,                                    :
                                                   :
                                  Debtor.          :
------------------------------------------------------------ X

## MEMORANDUM OPINION REGARDING THE TRUSTEE'S APPLICATION SEEKING IMMEDIATE SURRENDER AND TURNOVER OF THE <u>APARTMENT OWNED BY THE DEBTOR</u>

*APPEARANCES:*

Stella Siomkos
*Pro Se Debtor*

Togut, Segal & Segal LLP
*Attorneys for Albert Togut as Chapter 7 Trustee*
One Penn Place
Suite 3335
New York, NY 10119
By:     Brian W. Kreutter, Esq.
          Neil M. Berger, Esq.

LaMonica, Herbst & Maniscalo, LLP
*Attorneys for Cardinal Credit X LLC*
3305 Jerusalem Avenue
Wantagh, NY 11793
By:     Holly R. Holecek, Esq.

**LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

### I.       INTRODUCTION

Pending before the Court is the *Chapter 7 Trustee's Application for an Order Compelling the Debtor to Immediately Surrender and Turn Over Exclusive Possession of the Apartment to the Trustee* (the "Application") [ECF No. 129] filed by Albert Togut in his capacity as Chapter 7 Trustee (the "Chapter 7 Trustee") of the estate of Stella Siomkos (the "Debtor") by his attorneys, Togut, Segal & Segal LLP on March 11, 2025. The Application seeks immediate surrender and turnover of the apartment located at 212 East 47th Street, Apartment 28F, New York, New York 10017 (the "Apartment") owned by the Debtor. Objections to the Application were due on April 15, 2025, and none were filed by the deadline. The Court held a hearing on the Application on April 22, 2025 (the "Hearing") where Debtor, counsel for the Chapter 7 Trustee, and counsel for Cardinal Credit X LLC ("Cardinal"), appeared.

The Debtor did not file any response to the Application prior to the scheduled Hearing, although she had been provided with proper notice of the Application, the deadline for filing responses, and the Hearing date. [ECF No. 130]; Hr'g Tr. 42:13-44:22, Mar. 25, 2025, Adv. Pro. 25-01035 [ECF No. 8]. During the Hearing, the Debtor was granted an additional day to file a response, and one was filed on April 23, 2025. [ECF No. 144]; Hr'g Tr. 60:17-61:19, Apr. 22, 2025, Adv. Pro. 25-01035 [ECF No. 11].

The Court has reviewed and considered the Application, the arguments at the Hearing, and all relevant material on the record, including the documents handed to the Court at the Hearing and the response filed by the Debtor after the Hearing. For the reasons stated below, the Court grants the relief sought in the Application.

2

## II.    BACKGROUND

On October 24, 2024, the Debtor's case was converted from Chapter 11 to Chapter 7. [ECF No. 74]. During a hearing on October 23, 2024, the Court explained to the Debtor that cooperation with the Chapter 7 Trustee in connection with the sale process for the Apartment was in her best interest and that a failure to cooperate would likely lead to the Chapter 7 Trustee seeking authorization to evict Debtor from the Apartment. Hr'g Tr. 9:14-10:22, Oct. 23, 2024, [ECF No. 85].

The Debtor, counsel for the Chapter 7 Trustee, and counsel for Cardinal appeared in person at a status conference held in Adversary Proceeding No. 25-01035 on March 25, 2025. See Hr'g Tr. 3:2-23, Adv. Pro. 25-01035 [ECF No. 8]. At the status conference, the Court again explained to the Debtor the importance of cooperating with the Chapter 7 Trustee. *Id.* at 16:14-23:5; 24:24-27:13. After discussing the matters with all the parties, the Court scheduled the Hearing on the Application for April 22, 2025 and set the objection deadline for April 15, 2025. *Id.* at 44:20-22.

The Debtor attended the Hearing on the Application on April 22, 2025 in person and opposed the Application at the Hearing. Hr'g Tr. 4:7, Adv. Pro. 25-01035 [ECF No. 11]. At the Hearing, the Debtor handed the Court two documents which the Court later docketed, a third motion to dismiss the case [ECF No. 140] and supporting memorandum of law [ECF No. 141] (collectively, the "Third Motion to Dismiss"). *Id.* at 17:7-9; 19:3-20:02; 65:1-66:9. The Court granted the Debtor an additional day to file papers in response to the Application. *Id.* at 60:17-61:19. The Debtor filed three additional documents by the deadline. [ECF Nos. 144, 145, 146]. Only one document, titled *Objection to Trustee's Motion to Compel Surrender of Property* (the "Debtor's Response") [ECF No. 144] appears responsive to the Application. The other documents filed by the Debtor are a motion to remove the Chapter 7 Trustee and sanction the Chapter 7

3

Trustee's LLC for abuse ("Motion to Remove the Trustee") [ECF No. 145] and a supplemental

objection contending the Chapter 7 Trustee collaborated with malicious actors (the "Supplemental

Objection") [ECF No. 146].

The Debtor has filed numerous documents with the Court, including various motions. *See,*

*e.g., Motion to Dismiss Bankruptcy Case in its Entirety* [ECF No. 140], *Motion to Amend Affidavit,*

*Challenge Procedural Misconduct, and Oppose Chapter 7 Conversion* [ECF No. 122]. However,

the Debtor has not provided appropriate service of the motions to all necessary parties as is required

under the Bankruptcy Rules, filed proof of service of the pleadings, provided proper notice of the

motions, and/or provided proper notice of a hearing for such motions. The Court has advised

Debtor of the Court's noticing requirements. [ECF No. 124]. Namely, in response to the Debtor's

first motion to dismiss [ECF No. 116], the Debtor's second motion to dismiss [ECF No. 123], and

the motion to stay the Chapter 7 Trustee's actions [ECF No. 123], the Court provided the Debtor

with written instructions as to what was required [ECF No. 124]. The Court also provided

instruction during the March 25, 2025 status conference in adversary proceeding 25-01035, *Trinity*

*Life Insurance Company v. SG Advisory Group, Inc., et al.* Hr'g Tr. 53:06-54:01, Adv. Pro. 25-

01035 [ECF No. 8]. The Debtor did not follow the Court's instructions with respect to those

motions.[1]

### III.    LEGAL STANDARD

Under 11 U.S.C. § 521(a)(3), a debtor shall cooperate with a trustee as necessary to

enable the trustee to perform his or her duties under the Bankruptcy Code. A debtor's obligation

---

[1] In addition to the written instructions provided to the Debtor and filed on the docket, the Court has made it clear to the Debtor several times on the record that the District Court needs to advise the parties and this Court that this Court may proceed with hearing the Debtor's motion to dismiss, given that there is an appeal pending before the District Court with respect to this Court's order converting the case, because the pending appeal would be mooted if this Court heard and granted the Debtor's motion to dismiss. See, e.g., Hr'g Tr. 36:8-40:7, Apr. 22, 2025, Adv. Pro. 25-01035 [ECF No. 11].

includes the "surrender to the trustee" of "all property of the estate and any recorded information,
including books, documents, records, and papers relating to property of the estate." 11 U.S.C. §
521(a)(4). A litigant's *pro se* status "does not mean that a court may overlook one's obligation to
comply with court directives and procedural obligations." *Amelio v. Piazza*, No. 1:19-cv-07091
(GBD), 2020 U.S. Dist. LEXIS 1168774, at *14 (Sept. 15, 2020).

## IV.    DISCUSSION

### A.  The Application

The Schedules filed by the Debtor under penalty of perjury in August 2024 (the "August
Schedules") [ECF No. 31] list the Apartment as valued at $2 million. Aside from claims in various
lawsuits, the Apartment represents the vast majority of the Debtor's assets.

The August Schedules list three secured claims, the holder of a mortgage on the property,
Trinity Life Insurance Company ("Trinity"), which is now held by Cardinal, and L'Ecole
Condominium-AKAM Association (both claims were listed as disputed), and the NYC
Department of Finance. In addition, the Internal Revenue Service was listed as a disputed priority
claim and there were twelve (12) unsecured claims listed on the August Schedules, many of which
were listed as disputed. Prior to the conversion of the Chapter 11 case, twelve (12) proofs of claim
had been filed by creditors, including claims by JP Morgan Chase Bank, N.A., Trinity, Aidvantage,
the Nouinous, ConEd, and L'Ecole-Akam Association.

The Debtor agreed two separate times at hearings before the Court to allow an independent
real estate broker to be retained to examine the Apartment and report to the Court on the condition
of the Apartment. This is because the Debtor asserted that there had been damage to the property
and a claim had been filed with insurance. Additionally, the Debtor filed a plan of reorganization
seeking to sell the Apartment in July 2024. [ECF No. 25]. However, the Debtor failed to cooperate

with the independent real estate broker and failed to comply with the Court's order dated October 1, 2024. [ECF No. 57]. Accordingly, on October 24, 2024, after the third hearing on Trinity's motion to convert or dismiss, the Court entered an order converting the Debtor's Chapter 11 case to a Chapter 7 case. [ECF No. 74]. At the hearing on October 23, 2024, the Court explained to the Debtor that she should cooperate with the Chapter 7 Trustee in connection with the sale process of the Apartment as it was in Debtor's best interest and that a failure to cooperate would likely lead to the Chapter 7 Trustee seeking authorization to evict Debtor from the Apartment and to change the locks. Hr'g Tr. 9:14-10:22, Oct. 23, 2024, [ECF No. 85]. Unfortunately, the Court was prescient.

As set forth in the Application, the Chapter 7 Trustee has reached out the Debtor numerous times. The Chapter 7 Trustee filed a motion for an order compelling the Debtor to, among other things:  (i) produce and turn over documents concerning the Estate and her financial affairs; (ii) appear for an examination pursuant to section 341 followed by the production of requested documents and (iii) provide the Chapter 7 Trustee and his representatives with access to the Apartment ("Motion to Compel") [ECF No. 107]. The Debtor did not object to the Motion to Compel. The Court granted the Motion to Compel after a hearing by entering an order on January 29, 2025. [ECF No. 115].

The Debtor has failed to comply with the terms of the January 29, 2025 order, including the term instructing the Debtor to provide access to the Apartment. Under section 521(a) of the Bankruptcy Code, the Debtor has an affirmative statutory obligation to cooperate with the Chapter 7 Trustee and to turn over all property of the estate and all documents relating to property of the estate to the Chapter 7 Trustee. The Debtor has not acquitted her affirmative statutory obligations.

The Chapter 7 Trustee is now seeking relief in the Application from the Court (i) requiring the Debtor to immediately surrender and turn over exclusive possession of the Apartment to the Chapter 7 Trustee, and (ii) permitting the Chapter 7 Trustee to take all necessary steps to gain access to, and maintain exclusive access of, the Apartment including (a) utilizing a locksmith to change the locks at the apartment and (b) obtaining the assistance of the U.S. Marshals Service to remove the Debtor from the Apartment.

### B. The Debtor's Pleadings

The Debtor's Third Motion to Dismiss seeks to dismiss the Debtor's bankruptcy case. [ECF Nos. 140, 141]. At the Hearing, the Debtor handed the Court the Third Motion to Dismiss and argued that the case law supported her arguments with respect to the Application. *See* Hr'g Tr. 13:20-14:7; 16:9-17:20-21; 19:3-20:02; 33:23-34:18, Apr. 22, 2025, Adv. Pro. 25-01035 [ECF No. 11]. During the Hearing, the Court noted that it would docket the Third Motion to Dismiss as it had not been filed by the Debtor. *Id.* at 65:01-66:09. The memorandum of law of the Third Motion to Dismiss [ECF No. 141] cites to five cases. Of these, two cases do not appear to exist: *In re Edwards* (cited as *In re Edwards*, 2002 WL 31388702 (Bankr. N.D. Ill.)) and *In re Lucien* (cited as *In re Lucien*, 201 B.R. 303 (Bankr. D. Mass. 1996)).[2] The remaining three cases do not support the Debtor's arguments. The cases are *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) (Supreme Court held that a debtor who had voluntarily filed a Chapter 7 case could not convert its case to a Chapter 13 case); *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) (The Ninth Circuit Court of Appeals reversed a bankruptcy appellate panel decision and affirmed a bankruptcy court decision granting the debtors' objection to the IRS's penalty assessment as violative of the

---

[2] To the extent that the Debtor used artificial intelligence in connection with the submissions to the Court, she is obligated to disclose that in the pleading. Local Bankruptcy Rule 9011-1.

automatic stay); *In re Snyder*, 152 F.2d 596 (7th Cir. 1998) (Seventh Circuit Court of Appeals affirmed the denial of the debtors' discharges).

In the Debtor's Response, the Debtor objects to the Application on several grounds. First, she argues that the bankruptcy case is fraudulent and unlawful. The Debtor argues that the attorneys she previously hired, Karamvir Dahiya of Dahiya Law Offices LLC ("Dahiya"), and Paul Hollender of Corash & Hollender LLP ("Hollender"), acted without her informed consent. However, the Debtor did not provide evidence of her lack of informed consent beyond her statements. The Court notes that the Debtor did not file an objection to the application to be retained as counsel filed by Dahiya [ECF No. 9] prior to withdrawal [ECF No. 18], nor did she file an objection to the Hollander retention application for representation in her then-pending Chapter 11 case [ECF No. 48]. Further, the Debtor did not seek to dismiss the Chapter 11 case which was pending for six months prior to conversion. The Court notes that the Debtor is educated, holds several degrees, and is of sound mind. *See* Hr'g Tr. 11:14-16, Nov. 13, 2024, [ECF No. 90]; Hr'g Tr. 27:10-16, Mar. 25, 2025, Adv. Pro 25-01035 [ECF No. 8]. The Debtor also signed numerous documents under penalty of perjury that were filed with the Court. *See* [ECF Nos. 1, 8, 31, 32, 33, 34, 35, and 43]. In addition, the Debtor submitted a Rule 1007-1 affidavit which she signed [ECF No. 11]. She also filed a plan of reorganization. [ECF No. 25]. Based upon the filings made in the case, it is difficult for this Court to believe that the Debtor's two counsel were acting without her informed consent.

In the Debtor's Response, the Debtor argues that the creditor list is demonstrably fraudulent. [ECF No. 144]. However, the Debtor submitted multiple Schedules signed under penalty of perjury which listed her creditors (the "Schedules") [ECF Nos. 31, 43]. Moreover, twelve (12) proofs of claim were filed prior to the conversion of the case to a Chapter 7 case. The

Court finds it hard to believe that all the creditors listed in the Schedules and/or who filed proofs of claim are not owed any money from the Debtor. Because the Debtor won't cooperate with the Chapter 7 Trustee, the Chapter 7 Trustee has not been able to obtain the information from the Debtor that is needed to object to various claims, including those that the Debtor contends are fabricated.

Additionally, in the Debtor's Response, the Debtor describes the Chapter 7 Trustee's conduct as improper and harassing. However, based upon the correspondence attached to the Application and to the Motion to Compel, it appears to the Court that the Chapter 7 Trustee has merely been trying to acquit his statutory obligations. This is not improper or harassment. The Court does not find any justification to support the Debtor's assertions that the Chapter 7 Trustee has acted improperly by using a limited liability company. The distribution of the Chapter 7 Trustee's fees is governed by statute and can only be paid after approval of this Court. 11 U.S.C. § 326. There is nothing hidden or ambiguous about that process, and it appears that the Chapter 7 Trustee has acted appropriately here.

### V. CONCLUSION

While the Court is sorry that the Debtor has chosen not to cooperate with the Chapter 7 Trustee, the Court does not see an alternative other than to grant the relief sought in the Application. Part of the Chapter 7 Trustee's statutory obligations is to liquidate the Debtor's assets and to distribute the proceeds to the Debtor's creditors. The Chapter 7 Trustee has tried to acquit his responsibilities since October 2024, but the Debtor has resisted and been uncooperative. For the bankruptcy system to work, Chapter 7 trustees must be able to comply with their statutory obligations. Accordingly, the Court will grant the Application with the requirement that the

Chapter 7 Trustee provide the Debtor with thirty (30) days' notice before changing the locks and

seeking to remove the Debtor from the Apartment.

The Court requests that the Chapter 7 Trustee submit a revised form of order to Chambers

consistent with this opinion.

Dated: May 9, 2025
      New York, New York

                                    */s/ Lisa G. Beckerman*
                                    HONORABLE LISA G. BECKERMAN
                                    UNITED STATES BANKRUPTCY JUDGE