```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
In re:                                                           :   Chapter 7
                                                                 :   Case No. 24-10619 (LGB)
STELLA SIOMKOS,                                                  :
                                                                 :
                                                Debtor.          :
---------------------------------------------------------------- X
```

# OPINION REGARDING DEBTOR'S STAY MOTION

The Debtor, Stella Siomkos, a *pro se* debtor (the "Debtor") has moved for a stay of this Court's order granting the application of Albert Togut, the Court appointed Chapter 7 Trustee (the "Trustee") seeking immediate surrender and turnover of the apartment (the "Apartment") owned by the Debtor [ECF Nos. 129, 148, 149 and 158].[1] A hearing on the Trustee's application was held before this Court on April 22, 2025. The Court issued an opinion regarding the application on May 9, 2025 [ECF No. 148] and subsequently an order granting the application [ECF Nos. 149, 158]. The Debtor filed a motion for a stay on May 13, 2025 [ECF No. 153] (the "Stay Motion"). The Trustee filed an opposition to the Stay Motion [ECF No. 160]. Oral argument occurred at a hearing on the Stay Motion on May 20, 2025, at which the Debtor appeared *pro se* and the Trustee appeared through counsel. Each party was afforded twenty minutes to present their arguments and the Debtor was granted an additional five minutes for rebuttal. The Court issued a verbal ruling denying the Stay Motion upon the close of argument, and the Court's reasoning for such ruling is memorialized herein.

Bankruptcy Rule 8007 governs an application for a stay pending appeal from a decision of a bankruptcy court. It states, in relevant part, that ordinarily, a party seeking a stay of a judgment, order, or decree of the bankruptcy court pending appeal must first move for such relief in the bankruptcy court. *See* Bankruptcy Rule 8007(a)(1)(A).

The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the Court. *See*, *e.g.*, *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009); *New York Skyline*, *Inc. v. Empire State Building Co. L.L.C. (In re New York Skyline*, *Inc.)*, 520 B.R. 1, 5 (S.D.N.Y. 2014). In exercising this discretion, the Court will consider the following four factors: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected. *See ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007)

---

[1] All ECF references herein shall correspond to the above-captioned chapter 7 bankruptcy case.

1

("*Adelphia*") (footnote omitted) (citations and internal quotation omitted); *see also In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016).

The burden on the movant seeking the extraordinary relief of a stay is a "heavy" one. *See In re Gen. Motors Corp.*, 409 B.R. at 30. Indeed, "[s]tays pending appeal are the exception, not the rule, and are granted only in limited circumstances." *In re Taub*, No. 08-44210, 2010 WL 3911360, at *2 (Bankr. E.D.N.Y. Oct. 1, 2010) (first citing *In re Paolo Gucci*, 105 F.3d 837, 840 (2d Cir. 1997); then citing *In re Aston Baker*, No. CV05-3487(CPS), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005)). While some courts have held that, to prevail, the moving party must show "'satisfactory' evidence on all four criteria," (*see, e.g., Turner v. Citizens Nat'l Bank (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997) (quoting *Bijan-Sara Corp. v. Fed. Deposit Ins. Corp. (In re Bijan-Sara Corp.)*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996))), other courts have held that the inquiry involves a balancing of the four factors and the lack of any one factor is not dispositive to the success of the motion. *See In re Gen. Motors Corp.*, 409 B.R. at 30; *Adelphia*, 361 B.R. at 347. The Court declines to determine whether the Debtor is required to satisfy all four factors of the four-part test in order to succeed on her stay motion. Instead, the Court will employ the less restrictive balancing approach utilized in *General Motors* and in other cases. Regardless, the Court finds that it would reach the same conclusion—that the Stay Motion must be denied—under both tests. The Court discusses each of the factors in turn below.

1. Irreparable Injury

A showing of probable irreparable injury is the "principal prerequisite" for the issuance of a stay pursuant to Bankruptcy Rule 8007, and such harm "must be 'neither remote nor speculative, but actual and imminent.'" *In re Sabine Oil & Gas Corp.*, 548 B.R. at 681 (citations omitted). "[T]he moving party must demonstrate that such injury is likely before the other requirements will be considered." *Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.)*, No. 02-B-40648, 2007 WL 781905, at *1 (Bankr. S.D.N.Y. Mar. 13, 2007) (citation omitted). *See also Adelphia*, 361 B.R. at 347 ("A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay." (citation omitted)); *Stern v. Bambu Sales, Inc.*, 201 B.R. 44, 46 (E.D.N.Y. 1996) (denying stay pending appeal where movant failed to show irreparable harm). To establish irreparable harm, plaintiffs must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." *Consolidated Brands, Inc. v. Mondi*, 638 F. Supp. 152, 155 (E.D.N.Y. 1986); *accord Kaplan v. Board of Educ. of the City School Dist.*, 759 F.2d 256, 259 (2d Cir. 1985); *Salant Acquisition Corp. v. Manhattan Indus.*, 682 F. Supp. 199, 202 (S.D.N.Y. 1988). "Irreparable injury means injury for which a monetary award cannot be adequate compensation". *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 698 (2d Cir. 1966).

Here, the Court agrees that there is certainly harm to the Debtor which will be caused by the Court's order. *See* Stay Motion, at 3. She will be forced to move out of the Apartment and will no longer be able to live there. She will have to find somewhere else to live and will likely have to pay monthly rent to do so.

However, the Court's order regarding the Trustee's application does not dispose of the Apartment. Any proposed sale of the Apartment will require that a subsequent motion be filed

2

by the Trustee on notice and a hearing. The Debtor will have the opportunity to object to any such motion prior to a proposed sale.

Thus, the Court finds that any harm to the Debtor caused by the Court's order is not "irreparable harm" because, if the Court's order were to be overturned on appeal, the Debtor could be compensated in the form of monetary damages for the costs associated with being forced to move out of the Apartment.

2. Potential Harm to Other Parties

To establish this factor, the Debtor must demonstrate that "the balance of harms tips in favor of granting the stay." *Adelphia*, 361 B.R. at 349 (citations omitted). The Debtor broadly contends that the balance of equities tips decidedly in her favor. *See generally* Stay Motion. The Debtor ignores the fact that the loan secured by the Apartment has been in default since 2022, the secured lender has not been paid since then, condominium fees have not been paid, and real estate taxes have not been paid. The schedules filed by the Debtor under penalty of perjury do not show any significant estate assets other than the Apartment. *See* ECF Nos. 31, 32 and 43. Every month, additional interest is accruing, real estate taxes are accruing, and condominium fees are accruing. The Debtor is paying none of those costs.

The Trustee is a fiduciary who has been trying to collect all of the property of the estate so that he can administer the estate as he is obligated to do. 11 U.S.C. §704(a). A stay would further preclude the Trustee from acquitting his responsibilities. He has already been precluded from obtaining access to the Apartment for many months. It is the main asset of the Debtor's estate.

Because the Debtor is not paying mortgage, condominium fees and real estate taxes on a current basis, any further delay in the Trustee taking control of the Apartment harms the Debtor's estate and the Debtor's creditors. The Court notes that thirteen proofs of claim have been filed with the Court on behalf of various creditors. A proof of claim constitutes initial proof that a debt is owed by the Debtor to such creditor which may be rebutted in the form of an objection to such proof of claim. No such objections have been filed to date. Additionally, the Debtor lists various creditors in the schedules that she signed under penalty of perjury. *See* ECF Nos. 31 and 43. Accordingly, the Debtor has failed to establish that this factor weighs in favor of granting the extraordinary relief she is seeking herein.

3. Substantial Possibility of Success on Appeal

"The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probable' and is 'intended to eliminate frivolous appeals.'" *In re Sabine Oil & Gas Corp.*, 548 B.R. at 683-84 (citing *In re 473 West End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014)). In support of her contention that she is likely to succeed on the merits of the appeal, the Debtor points to the same arguments raised in her objection to the Trustee's application, including that the bankruptcy filing was fraudulent and that the actions of the Court and the Trustee were inappropriate, that the Court found were unsupported by evidence in its previously-issued opinion. *See* ECF No. 148, at 8.

3

However, under sections 105, 521 and 542, which are the sections of the Bankruptcy Code applicable to the request in the Trustee's application, the record demonstrates that the Debtor has clearly not acquitted her obligations to cooperate with the Trustee and to turn over all property of the estate to him. And the Debtor does not deny that. So, in light of the Debtor's noncompliance and its failure to raise new issues, there is no substantial possibility of success on the merits of an appeal of the order.

4. Public Interest

The public interest favors compliance with court orders and timely resolution of litigation. *See*, *e.g.*, *In re Swartout*, 554 B.R. 474, 480 (Bankr. E.D. Cal. 2016) ("In short, the public interest favors compliance - not disobedience - with court orders." (citing *U.S. v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir. 1980))); *Borowski v. BNC Mortg., Inc.*, No. C12-5867, 2013 WL 5770378, at *4 (W.D. Wash. Oct. 24, 2013) ("Finally, there is a strong public interest in favor of timely compliance with orders of the court. There is also a public interest in resolution of litigation."); *Chevron Corp. v. Donziger*, Case No. 12-mc-80237, 2013 WL 5718532, at *2 (N.D. Cal. Oct. 21, 2013) ("Further, there is a strong public interest in favor of timely compliance with orders of the court.").

The Debtor has not complied with several Court orders to provide the Trustee with access to the Apartment. As set forth in the opinion, the Debtor has not complied with her obligations under 11 U.S.C. § 521(a)(3), which require a debtor's cooperation with a trustee as necessary to enable the trustee to perform his or her duties under the Bankruptcy Code. A debtor's obligation includes the "surrender to the trustee" of "all property of the estate and any recorded information, including books, documents, records, and papers relating to property of the estate." 11 U.S.C. §521(a)(4). Notably, a litigant's *pro se* status "does not mean that a court may overlook one's obligation to comply with court directives and procedural obligations." *Amelio v. Piazza*, No. 1:19-cv-07091(GBD), 2020 U.S. Dist. LEXIS 1168774, at *14 (Sept. 15, 2020).

The Debtor has not provided any basis as to why public interest supports a stay pending appeal, and thus fails to establish the presence of this fourth factor.

## Conclusion

Based on the foregoing, the Court finds that the Debtor has not met her heavy burden of establishing grounds for the Court to stay the turnover order pending her appeal of that order. Accordingly, the Court denies the motion for a stay.

The Debtor is not required to vacate the Apartment until thirty (30) days from the date of the Trustee providing notice of the order to the Debtor. Accordingly, the Debtor may seek a stay of the order from the District Court.

The Trustee is hereby directed to submit a proposed form of Order Denying the Stay Motion to the undersigned's chambers email consistent with this Opinion.

Signed: May 21, 2025
      NEW YORK, NEW YORK

                                              */s/ Lisa G. Beckerman*
                                              THE HONORABLE LISA G. BECKERMAN
                                              UNITED STATES BANKRUPTCY JUDGE