**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 7
                                                                 :    Case No. 24-10619 (LGB)
STELLA SIOMKOS,                                                  :
                                                                 :
                                    Debtor.                      :
---------------------------------------------------------------- X

### MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE VOID ORDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)

On December 17, 2025, Stella Siomkos, a Chapter 7 debtor (the "Debtor") filed a Motion to Vacate Void Orders Pursuant to Federal Rule of Civil Procedure 60(b)(4) [ECF No. 196] (the "Motion").

A judgment is void under Federal Rule of Civil Procedure 60(b)(4) if the court lacked jurisdiction or acted in a matter inconsistent with due process. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). In the Motion, the Debtor argues that jurisdiction never attached because "the proceeding was initiated through counsel who lacked legal authority, followed by unauthorized substitutions, fabricated creditor claims, and actions taken without adjudication of jurisdiction." Motion at p. 3.

The Debtor hired counsel, Karamvir Dahiya, to represent her. While the Court has only seen the first page of the engagement letter, the first page refers to bankruptcy. Thus, a bankruptcy filing by the Debtor was contemplated in the engagement letter. A Chapter 11 case was commenced by the Debtor on April 11, 2024. While it is true that Mr. Dahiya was suspended from the practice of law effective July 25, 2024 for three months, he was licensed to practice law and was not suspended when the petition was filed and the case commenced. *See* Response to Albert Togut Correspondence [ECF No. 197] at Ex. B. So, there is no evidence that the Court lacked jurisdiction over the Chapter 11 case at the time of the filing because legal counsel lacked legal authority.

Second, the Debtor asserts that she never hired Mr. Paul Hollender as counsel. On July 15, 2024, Mr. Hollender filed a notice of appearance as counsel for the Debtor [ECF No. 23]. On August 8, 2024, an application to retain Mr. Hollender's law firm as counsel to the Debtor was filed with the Court which was signed by the Debtor [ECF No. 44]. Mr. Hollender had been suggested by Mr. Dahiya but no one forced the Debtor to hire Mr. Hollender as her replacement counsel or to sign a retention application seeking to hire Mr. Hollender's law firm effective as of July 2, 2024 [ECF No. 18]. The Debtor did not object to the retention application that she signed.

No other party objected to the retention application.  Accordingly, the Court granted the retention application authorizing the Debtor to retain Mr. Hollender's law firm as counsel. [ECF No. 51].

Last, the Debtor asserts that there are fabricated creditor claims.  To the extent that the Debtor is referring to creditors and the amounts listed on the Debtor's Schedules and the Debtor's Amended Schedules, the Debtor signed those documents under penalty of perjury [ECF Nos. 8, 31, 43].  Nothing precludes the Debtor from filing revised schedules if she believes that there are any inaccuracies in the schedules.  To the extent that the Debtor believes that a creditor filed a proof of claim that is not valid, the Debtor should notify Albert Togut, the Chapter 7 trustee (the "Chapter 7 Trustee") who has the right to object to proofs of claim.  However, even if creditors have filed false claims with the Court, that would not deprive this Court of jurisdiction over the Debtor's bankruptcy case.

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  This Court has jurisdiction over bankruptcy cases filed in this district because of the standing order of reference entered by the District Court which refers all bankruptcy cases to this Court.  *See* 28 U.S.C. §§ 157(a), 1334; Amended Standing Order of Reference (M-431) Re: Title 11, United States Code (S.D.N.Y. Jan. 31, 2012). This Court does not lack jurisdiction over the Debtor's bankruptcy case based upon the standing order of reference.  Thus, this case is not an exceptional case under the standard articulated by the Supreme Court and relief under Federal Rule of Civil Procedure 60(b)(4) and Bankruptcy Rule 9024 is not warranted.

In conclusion, for all of the reasons set forth above, the Court denies the Motion.

Dated: December 30, 2025
      New York, New York

                                          */s/ Lisa G. Beckerman*
                                          HONORABLE LISA G. BECKERMAN
                                          UNITED STATES BANKRUPTCY JUDGE